## KRAFT–PHENIX CHEESE CORPORATION v. GOLDFARB et al.

### No. 129–J.

District Court, S. D. California, C. D.
May 23, 1934.

Cyril A. Soans, of Chicago, Ill., Gibson, Dunn & Crutcher, of Los Angeles, Cal., and Nicholson, Snyder, Chadwell & Fagerburg and Fisher, Clapp, Soans & Pond, all of Chicago, Ill., for plaintiff.

Robert I. Kronick, of Los Angeles, Cal., for defendants.

JAMES, District Judge.

Plaintiff asks that a preliminary injunction issue to restrain defendants from using as a brand label on their product the words "Wonder Whip." Plaintiff at about the first of the year 1933 adopted the name "Miracle Whip" for its manufactured salad preparation. It attained prominence in the market and met with large sales. These sales resulted from an extensive and costly advertising campaign, carried on by radio and through newspapers and periodicals. In September of the same year the defendants put out their similar product under the name "Wonder Whip," in direct competition with plaintiff's merchandise. Defendants had not before used the word "whip" in describing the material. They had used the word "wonder" before plaintiff originated its word combination name "Miracle Whip." It would seem very clear that defendants sought to imitate the name adopted by plaintiff, and they undoubtedly intended to reap some of the benefit of the extensive advertising which plaintiff had caused to be made. Undoubtedly the use of the word "wonder" alone was open to defendants. But the combination of it with "whip" created a close imitation of plaintiff's trade-mark, one that was likely to deceive customers who might wish to purchase plaintiff's product, and who had heard it advertised over the radio, or seen it pictured in public journals. The practice of defendants properly may be designated as pirating on the business of plaintiff.

■■ It has been held that where names or labels adopted by a defendant show in themselves similarity to those of a complainant, and in such a degree as makes it appear likely that purchasers may be deceived, proof is not required that some persons have actually been deceived thereby. Especially is this so when all of the facts and circumstances indicate that it was the intention of the defendant to copy as nearly as he might, without actually duplicating, the trade-mark of the complainant. The facts shown, on this application bring this case within the rule referred to.

Defendants insist that as they have made answer under oath to the bill of complaint, that no preliminary injunction may issue. But the facts in general are not disputed. It is not denied that plaintiff adopted and made use of its label as stated, nor that defendants used labels bearing the words "Wonder Whip," as described. If defendants had denied under oath that they had ever used the latter label, then a different condition of issues would be presented. As the matter rests, they admit the use of the label and claim the right to so use it. Such use was at least a colorable imitation, and one that was calculated to damage plaintiff in the marketing of its product.

Plaintiff's counsel stated at the oral argument that he would not rely upon a claim of strict infringement of a copyrighted trade-mark, but as diversity of citizenship existed with the proper jurisdictional amount involved, it would rest upon the claim of unfair business competition. It has the right to do that, as the complaint in its statement of facts shows sufficient grounds.

Plaintiff is entitled to an injunction pendente lite to restrain defendants from using in connection with their food product the word "whip." No restraint will be imposed upon defendants as to the use of the word "wonder," used either alone or in conjunction with any other words chosen by them.

Plaintiff will be required to furnish bond on the injunction in the sum of $5,000, which amount is now fixed subject to being increased or diminished upon proper application.